**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 64.]**

THE STATE EX REL. MILEY, *v.* PARROTT, JUDGE.

**[Cite as *State ex rel. Miley v. Parrott*, 1996-Ohio-350.]**

*Writ of procedendo to compel judge in domestic relations court to reactivate and*
*proceed with divorce case after bankruptcy court lifted an automatic stay*
*on the divorce proceedings granted, when.*

(No. 96-1292—Submitted September 10, 1996—Decided November 6, 1996.)

IN PROCEDENDO.

————————————

{¶ 1} In September 1995, relator, Shirley A. Miley ("Miley"), filed a complaint for divorce against her husband, John W. Miley ("debtor"), in the Union County Court of Common Pleas, Domestic Relations Division. In October 1995, the debtor filed a Chapter 12 (family farm reorganization) bankruptcy action in the United States Bankruptcy Court for the Southern District of Ohio, Eastern Division. An automatic stay then went into effect. In November 1995, respondent, domestic relations court Judge Richard E. Parrott, entered the following order: "The Court being advised that a stay in these proceedings has been issued in this matter by the Federal Bankruptcy Court, this matter is placed on inactive status until such time as this Court is advised in writing of the stay having been lifted, or counsel inform this Court that the case is ready for a trial date."

{¶ 2} In March 1996, the bankruptcy court lifted the automatic stay "in order to allow the Court of Common Pleas, Union County, Ohio, Division of Domestic Relations, to go forward in hearing and ruling upon the Complaint for Divorce filed by the Plaintiff, and all matters pertinent thereto, including but not limited to the resolution of past, present, and future spousal support of the parties; responsibility for payment of indebtedness; the right to any and all marital and separate property, both real and personal; and to allow the Court of Common Pleas

to exercise appropriate jurisdiction over the assets and liabilities of John William Miley." The bankruptcy court also noted that any common pleas court order concerning the division of property and allocation of indebtedness would be subject to the review of all creditors in the debtor's bankruptcy case "with an opportunity for objection and hearing by the Bankruptcy Court."

{¶ 3} Judge Parrott subsequently rejected two requests by Miley to reactivate the divorce case. Judge Parrott initially stated that he would "not take the matter off inactive status until such time as I may deal with all of the remaining problems after the bankruptcy has been concluded," and later advised that he did "not intend to get into a contemptuous situation with the federal court by deciding matters the bankruptcy court has pre-empted by virtue of the stay."

{¶ 4} In May 1996, Miley filed a motion in the domestic relations court for an order setting the cause for a hearing on the issue of whether to reactivate the divorce case based on the bankruptcy court's lifting of the automatic stay. Judge Parrott refused to grant the motion, and the debtor refused to answer discovery requests in the divorce case until it had been reactivated.

{¶ 5} Miley then filed this action for a writ of procedendo to compel Judge Parrott to reactivate and proceed with the divorce case. Parrott filed an answer conceding that he will not reactivate the divorce case until the bankruptcy case has been concluded.

_____

*John C. Hemphill*, for relator.
*Richard E. Parrott, pro se*.

_____

***Per Curiam.***

{¶ 6} S.Ct.Prac.R. X(5) provides that "[a]fter the time for filing an answer to the complaint or a motion to dismiss, the Supreme Court will either dismiss the

case or issue an alternative or a peremptory writ, if a writ has not already been issued."

{¶ 7} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 184, 652 N.E.2d 742, 745. An "'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35, 656 N.E.2d 332, 333, quoting *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 110, 637 N.E.2d 319, 324.

{¶ 8} Judge Parrott refuses to proceed with the divorce case because of the pending bankruptcy action. A bankruptcy petition filed pursuant to the Bankruptcy Code operates as an automatic stay to prevent creditors from taking any actions regarding the creation, perfection, or enforcement of any debt, lien, or judgment. 3 Spike, Ohio Family Law and Practice (1994) 200, Section 41.11; Section 362(a), Title 11, U.S.Code. The automatic stay does not apply to the "establishment or modification of an order for alimony, maintenance, or support," or the "collection of alimony, maintenance, or support from property that is not the property of the estate." Sections 362(b)(2)(A)(ii) and 362(b)(2)(B), Title 11, U.S.Code.

{¶ 9} Judge Parrott initially inactivated Miley's divorce case specifically because of the automatic stay. However, although the filing of a bankruptcy petition stays the equitable distribution in a divorce case of the debtor's interest in marital assets, certain aspects of the divorce case, such as dissolution of the marriage and child custody issues, are not stayed. *In re Roberge* (Bankr.E.D.Va.

1995), 181 B.R. 854, 857.  Further, the stay may be lifted or modified for cause. See, generally, 2 King, Collier on Bankruptcy (15 Ed.1995) 362-64, Section 362.07; Section 362(d)(1), Title 11, U.S.Code.

{¶ 10} The stated duration of Judge Parrott's order inactivating the divorce case was "until such time as [he] is advised in writing of the stay having been lifted ***."  The bankruptcy court granted relief pursuant to Section 362(d), Title 11, U.S.Code, and lifted the stay to permit Judge Parrott to proceed with the divorce case.  Miley advised Judge Parrott in writing that the bankruptcy court had modified and lifted the stay order.  Therefore, Judge Parrott's initial rationale for inactivating the divorce case no longer exists.

{¶ 11} Judge Parrott later stated that he would not reactivate the divorce case because he feared being in contempt of the bankruptcy court's stay.  Willful violation of the automatic stay may subject the violator to a finding of contempt.  2 King, *supra*, at 362-89, Section 362.11.  Yet, in this case, the bankruptcy petition filed by the debtor did not stay all aspects of the divorce case, and as to those aspects it did stay, the bankruptcy court expressly modified and lifted the stay.  Judge Parrott's concern that he may be found in contempt of the stay is thus meritless.

{¶ 12} Judge Parrott also seems to suggest the divorce case would be better resolved after the conclusion of the bankruptcy proceedings.  However, the opposite is true.  "'It is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court bretheren and their established expertise in such matters.'"  *In re Bible* (Bankr.S.D.Ga.1990), 110 B.R. 1002, 1009, quoting *In re MacDonald* (C.A.9, 1985), 755 F.2d 715, 719.  The United States Court of Appeals for the Sixth Circuit observed:

"Lifting the automatic stay as provided in 11 U.S.C. [Section] 362(d) in this case will permit the state court to exercise limited jurisdiction in the kind of matter that is traditionally exclusively reserved for state divorce courts.  Bankruptcy courts

in other cases have not declined to lift the stay to allow divorce proceedings to conclude. \*\*\* The Bankruptcy Code does not define a debtor's interest in property; the answer to that question must be made after reference to state law. \*\*\* With regard to the present pending state court divorce proceedings, the bankruptcy court has acted to permit the state court with expertise in such matters to decide questions that are an inherent part of the divorce process." (Citations omitted.) *In re White* (C.A.6, 1988), 851 F.2d 170, 173; see, also, *In re Hohenberg* (Bankr.W.D.Tenn. 1992), 143 B.R. 480, 485.

{¶ 13} Judge Parrott finally claims that Miley possesses an adequate remedy at law by litigating her property rights in the pending bankruptcy action. In order for an alternate remedy to be considered adequate, the remedy must be complete, beneficial, and speedy. *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 136, 656 N.E.2d 940, 943. The bankruptcy action is inadequate because it is not complete, *i.e.*, the bankruptcy court cannot grant Miley a divorce, award child custody, child and spousal support, or visitation. Moreover, Miley is entitled to an expeditious resolution of these important issues, which the bankruptcy court acknowledged by modifying and lifting the stay. Although the issues in the pending divorce and bankruptcy cases are interrelated, they are nevertheless distinct so that the common pleas court determines the property division and the bankruptcy court determines the property of the debtor's estate, which primarily consists of all legal and equitable interests of the debtor at the time of filing of the bankruptcy petition. Section 541(a)(1), Title 11, U.S.Code; Spike, *supra*, at 208, Section 41.18.

{¶ 14} Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court as to what the judgment should be. *Sherrills,* 72 Ohio St.3d at 462, 650 N.E.2d at 900; *State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 600, 589 N.E.2d 1324, 1326-1327. We have previously granted a writ of procedendo to order a common pleas court and the Court of Claims to proceed in identical wrongful death cases where both

courts had stayed the cases before them pending the resolution of the other court's case. *State ex rel. Wallace v. Tyack* (1984), 13 Ohio St.3d 4, 6, 13 OBR 379, 381, 469 N.E.2d 844, 846-847 ("[W]e find that the situation in the case at bar presents such an abuse of discretion because both the Court of Claims and the court of common pleas have issued stays of proceedings, thereby precluding Edwards from litigating his wrongful death claim. We cannot agree that the interests of Judge Tyack and Judge Crawford in preserving their right to control their dockets is paramount to Edwards' interest in having his claims litigated without undue delay."); see, also, *In re Pidgeon* (Bankr.D.N.H. 1993), 155 B.R. 24, 26-27, where the bankruptcy court lifted the automatic stay to permit a pending divorce action to proceed in order to break the "potential judicial gridlock." Similarly, the bankruptcy court here lifted the stay in order to have Judge Parrott resolve the divorce matter, including the determination of the division of marital property. Judge Parrott's refusal to reactivate and proceed in the divorce case is unjustified. Absent a writ of procedendo, Miley's divorce action, which was filed prior to her husband's bankruptcy case, would also be the subject of potential judicial gridlock.

{¶ 15} The pertinent facts are uncontroverted. No further evidence or argument is required to decide this case. Miley has a clear legal right to have her divorce action proceed, and Judge Parrott has a corresponding clear legal duty to proceed in the divorce case. Miley does not possess an adequate remedy in the ordinary course of the law. Based on the foregoing, we grant the requested writ of procedendo to compel Judge Parrott to reactivate and proceed with the divorce case.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____