IN PROCEDENDO DECISION
On January 7, 1999, Sue A. Shetler filed this action in procedendo seeking a writ which would compel a judge and a magistrate in the Franklin County Court of Common Pleas, Division of Domestic Relations, "* * * to terminate all proceedings * * * as to all pending motions relating to the real estate that was the subject of the litigation in Case No. 93CVH04-2717 and to recognize the order in case no. 93CVH04-2717 of the General Division of the Franklin County Common Pleas Court as having disposed of all issues * * * as to * * * the real estate located at 5449 Pine Bluff, Columbus, Ohio 43229."
On January 29, 1999, counsel for Ms. Shetler filed a motion requesting a temporary writ of prohibition in the case. The motion was denied by this court.
On February 5, 1999, an answer was filed on behalf of the named respondents.
In March of 1999, the parties filed a stipulation of evidence. Later that same month, the parties each filed briefs. For reasons not apparent from the record, the case was not submitted to a panel of this court until September 23, 1999.
Sue Ann Shetler and David Shetler were divorced in 1980. The decree of divorce which terminated their marriage ordered that 5449 Pine Bluff Road remain titled in the names of both parties to the divorce. The decree also required David Shetler to pay child support for the minor children of the parties.
David Shelter did not pay his child support order, which resulted in a series of judgment liens being filed. The judgment liens attached to Mr. Shelter's one-half interest in the real estate.
In April of 1993, Ms. Shetler filed an action in the General Division of the Court of Common Pleas for Franklin County, Ohio, seeking a marshalling of various liens and other interests in the real estate. Service was obtained on David Shetler at an address in Nashville, Tennessee, by ordinary mail after certified mail service was unclaimed.
In September of 1993, judgment was granted to Ms. Shetler and she subsequently was awarded title to the real estate, subject only to the subsisting first mortgage.
In August of 1997, counsel for Mr. Shetler filed a motion requesting a vacating of the earlier judgment in the General Division of the Court of Common Pleas for Franklin County, Ohio. In the motion, Mr. Shetler claimed that he did not learn of the marshalling of liens action until November of 1995 and that the trial judge had made some factual errors in awarding judgment. The motion was overruled except for the correcting of responsibility for fulfilling one lien in the sum of $541.10.
Prior to filing the Civ.R. 60(B) motion, counsel for Mr. Shetler had filed a motion asking the domestic relations court to order the sale of the Pine Bluff Road property and to set up a receivership to protect "his interest" in the property. At the same time, counsel filed a motion asking that Ms. Shetler be held in contempt for her purported failure to abide by the terms of the 1980 decree of divorce.
Counsel for Ms. Shetler defended the motion in the domestic relations court in part with an assertion of the applicability of the doctrine of res judicata. Counsel for David Shelter responded with a series of assertions as to why the domestic relations court should proceed to address the merits of the motions, including an assertion that Mr. Shetler had continued to pay one-half of the mortgage and other costs related to the residence after his one-half interest had been awarded to his ex-wife.
On December 14, 1998, a magistrate in the domestic relations court issued a magistrate's decision on the motions assigned to her. The magistrate found that the domestic relations court still had jurisdiction over the original property settlement and still had the power to enforce its own original orders. As a result, the magistrate scheduled the domestic relations motions for a hearing on January 27, 1999.
On January 7, 1999, this action in procedendo was initiated.
As noted in State ex rel. Weiss v. Hoover (1999),84 Ohio St.3d 530, 532:
 * * * A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26. For example, a writ of procedendo will issue requiring a judge to proceed to final judgment if the judge erroneously stayed the proceeding based on a pending case that has no effect on the court's jurisdiction to proceed. * * *
In the Weiss case, a peremptory writ of procedendo was issued to compel a municipal court judge to proceed with a forcible entry and detainer action, rather than wait for the results of a declaratory judgment action pending in another court before proceeding.
Ms. Shetler's complaint is the exact opposite of the problem which can be remedied by an action in procedendo. Ms. Shetler's problem is the fact that a court is proceeding to hear an action which she does not want to be heard and in proceeding is applying a reasoning with which she and/or her counsel disagree.
As a result, Ms. Shetler is not entitled to a writ of procedendo. The decision made by the domestic relations court can be contested on direct appeal. However, we, as an appellate court, have no right or responsibility to compel a trial court to proceed with an action which is already proceeding. Nor do we have the right to render an advisory opinion on how the doctrine of resjudicata applies to the somewhat unique set of facts presented by the actions of the parties.
Writ denied.
KENNEDY, J., and LAZARUS, P.J., concur.