OPINION AND JOURNAL ENTRY
This case involves original actions to this court on Petitions for Writ of Procedendo and Writ of Mandamus by Relator and a subsequent Motion to Deny said writ by Respondent. Relator requests that this court compel the trial court to rule on Relator's Motion for Production of Documents. Specifically, Relator requested a copy of the grand jury testimony of one individual who testified against him in the grand jury proceedings leading to his indictment.
The facts indicate that on July 14, 1992 Relator was convicted of aggravated murder with a firearm specification. Relator was sentenced to twenty years to life on the murder sentence and three years consecutive on the firearm specification. Relator appealed to this court and the lower court decision was upheld. (See 99 BA 24).
On April 27, 1999, Relator filed a Writ of Procedendo with this court requesting that this court compel the trial court to rule on his Motion for Production of Documents filed in the trial court on September 15, 1998. In this Motion for Production of Documents, Relator was requesting a copy of the grand jury testimony of one individual who testified against Relator. On June 17, 1999, Respondent answered Relator with a request to deny said writ. Respondent alleged that Relator's request for grand jury testimony was without merit. On July 6, 1999, Relator filed an answer to Respondent's answer. On July 13, 1999, Relator filed a Motion to Supplement the Record of Relator, submitting additional authority for the release of grand jury testimony and alleging conflicting testimony of the individual who testified against Relator in a subsequent federal case.
On May 18, 2000, prior to this court's ruling on Relator's Petition for Writ of Procedendo, Relator filed a Petition for Writ of Mandamus with this court, basically requesting the same relief as requested in his original Petition for Writ of Procedendo.
Although either Procedendo or Mandamus may apply in this circumstance, we will address Relator's filings as a Complaint in Procedendo since, "although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since `an inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" State ex rel. Dehler v.Sutula (1995), 74 Ohio St.3d 33, 35, quoting State ex rel. Levin v.Sheffield Lake (1994), 70 Ohio St.3d 104.
Extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. See State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64.
In order to be entitled to a writ of procedendo, a Relator must establish: (1) a clear legal right to require the court to proceed; (2) a clear legal duty on the part of the court to proceed; and (3) the lack of an adequate remedy in the ordinary course of law. See Parrott, supra.
Clearly in this case, Relator has a right to have his motion ruled upon by the trial court. The trial court also has the duty to rule upon motions properly presented before that court. Procedendo is the proper vehicle to direct the trial court to issue a ruling upon motions properly before the court.
It appears from the record available to this court that the trial court has not yet entered a ruling on Relator's motion.
Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court about what the judgment should be. See Parrott, supra. We cannot dictate the discretion of a trial court.
For all the reasons cited above, it is the decision of this court to issue the Writ of Procedendo ordering the trial court to rule on Relator's Motion for Production of Documents. This court is not, at this time, addressing the merits of Relator's motion; that decision is totally within the purview of the trial court.
Writ of Procedendo to issue.
Clerk to serve a copy of this Opinion and Journal Entry to the parties as provided by the Civil Rules.
Costs taxed to Respondent.
Vukovich, J., concurs, Donofrio, J., concurs, DeGenaro, J., concurs.