{¶ 1} Relator, Dante Marable, has filed this original action seeking a writ of procedendo ordering respondent, Judge Patrick McGrath of the Franklin County Court of Common Pleas, to rule on relator's motion to withdraw his previously entered guilty plea.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12, Section (M), of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law, and has recommended that a writ of procedendo should issue because relator's motion to withdraw his guilty plea has been pending before the trial court since May 12, 1995, and was not rendered moot by our decision in relator's direct appeal from his criminal conviction to this court. (Magistrate's Decision, Appendix A.) The magistrate further found that, although relator had not initially complied with the requirements of R.C. 2969.25, requiring prisoners initiating a civil action against the state or its officers to file an affidavit detailing prior civil actions filed within the previous five years, his subsequent filing of such an affidavit was sufficient and failure to initially do so did not mandate dismissal of the petition. No objections have been filed to the magistrate's decision.
 {¶ 3} R.C. 2969.25(A) requires that an inmate initiating a civil suit against a government entity or employee attach an affidavit listing each civil action or appeal filed by the inmate in the prior five years, providing specific information regarding the nature and circumstances of each civil action or appeal. It is well-settled that the filing of such an affidavit is mandatory, and failure to properly file the affidavit is grounds for dismissal of the complaint or petition. State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421; State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285. The Ohio Supreme Court, however, has never stated that failure to immediately file an R.C. 2969.25(A) affidavit is mandatory grounds for dismissal by the court. This court has adopted the position that, in cases where the inmate's petition or complaint gives evidence of a meritorious action, and the inmate promptly cures the deficiency by filing an appropriate and complete R.C. 2969.25(A) affidavit, the court will in its discretion allow the action to proceed. State ex rel. Rogers v. Ohio Adult Parole Auth. (Aug. 28, 2001), Franklin App. No. 00AP-995; State ex rel. Scruggs v. Sadler (Mar. 19, 2002), Franklin App. No. 01AP-408. We have adopted this position based upon our general view of the inmate filing requirements set forth in R.C. 2969.21
et seq., which were formulated to curb abusive litigation by inmates which threaten to impair the judicial efficiency of the court. See, generally, Hattie v. Andrews (May 14, 1998), Franklin App. No. 97APE11-1446. This goal of judicial efficiency is not served by dismissing actions which present merit on their face when the requirement to provide an affidavit under R.C. 2969.25(A) has ultimately been complied with by the inmate, since it is the general policy of this court to decide cases upon their merits. Accordingly, we have adopted a discretionary approach to the application of R.C. 2969.25(A) insofar as we have occasionally accepted affidavits submitted by inmates later than the initial filing of the complaint or petition. We acknowledge that our position is not uniformly followed in Ohio. State ex rel. Ahmed v. Marple, Belmont App. No. 01 BA 23, 2002-Ohio-6898, at ¶ 3. ("The failure to file his affidavit of past civil actions I not cured by a later submission. * * * Thus, relator's late submission, filed after respondent's motion to dismiss, is noncompliant.") We nonetheless adhere to our past policy in the present case, based upon our assessment of the underlying merits of relator's petition and relator's eventual submission of an R.C. 2969.25(A) affidavit.
 {¶ 4} Accordingly, upon a review of the magistrate's decision and an independent review of the record, this court finds that there is no error of law or defect on the face of the magistrate's decision. Therefore, the magistrate's decision is adopted, including the findings of fact and conclusions of law contained therein. A writ of procedendo shall issue requiring the trial court to rule upon appellant's pending motion to withdraw his previously entered guilty plea.
Writ of procedendo granted.
BRYANT and BROWN, JJ., concur.
 IN PROCEDENDO ON MOTION TO DISMISS {¶ 5} Relator, Dante Marable, has filed this original action requesting that this court issue a writ of procedendo ordering respondent, Judge Patrick McGrath of the Franklin County Court of Common Pleas, to rule on the motion to withdraw a guilty plea which relator filed with respondent on May 12, 1995. Respondent has filed a motion to dismiss.
Findings of Fact:
 {¶ 6} 1. On November 16, 1994, relator was indicted by the Franklin County Grand Jury on multiple counts including one count of aggravated murder and one count of attempted aggravated murder.
 {¶ 7} 2. A jury trial commenced on March 30, 1995. While the jury was deliberating, relator decided to enter a plea of guilty to one count of murder with a firearm specification. The trial court accepted the plea and sentenced him accordingly.
 {¶ 8} 3. On May 12, 1995, relator filed a pro se motion with the trial court seeking leave to withdraw his guilty plea. The trial court has not ruled on this motion.
 {¶ 9} 4. On the same day, relator filed a pro se notice of appeal in this court and counsel was appointed. Relator's sole assignment of error concerned whether the court's judgment of conviction was based upon a guilty plea that was knowingly, intelligently, and voluntarily made.
 {¶ 10} 5. In a decision rendered November 14, 1995, this court overruled the sole assignment of error and determined that the trial court had fully informed relator of the rights he was waiving and all other consequences of his guilty plea.
 {¶ 11} 6. On June 14, 2002, relator filed the instant action seeking a writ of procedendo ordering the trial court to rule on the motion for leave to withdraw his guilty plea which relator had filed May 12, 1995.
 {¶ 12} 7. Respondent has filed a motion to dismiss arguing that relator has failed to comply with the requirements of R.C. 2969.25(A) and (C), and arguing that respondent is not required to rule on this motion because this court affirmed relator's conviction and found that the trial court had substantially complied with the law in accepting relator's guilty plea.
 {¶ 13} 8. Relator has filed a motion in opposition to respondent's motion to dismiss. Relator has attached an affidavit indicating those actions which relator has filed in the preceding five years as well as an affidavit of indigency.
 {¶ 14} 9. This motion is currently before this magistrate on respondent's motion to dismiss.
Conclusions of Law:
 {¶ 15} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 16} For the reasons that follow, it is this magistrate's decision that this court should deny respondent's motion to dismiss and should grant relator's request for a writ of procedendo.
 {¶ 17} First, this magistrate is well aware that the requirements of R.C. 2969.25 are mandatory and that failure to comply with those requirements constitutes grounds for dismissal. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421. However, R.C. 2969.25
should not be used to automatically dismiss otherwise valid actions filed by prisoners when they file documentation after they have filed their complaint. As such, this magistrate finds that the documentation filed by relator substantially complies with the requirements of the statute and that the matter should not be dismissed on these grounds.
 {¶ 18} Second, respondent acknowledges that relator's motion has not been ruled on. Respondent contends that the motion has been rendered moot in light of this court's November 14, 1995 decision; however, this magistrate disagrees. Respondent contends that the issues raised in relator's motion to withdraw his guilty plea are identical to those issues raised in his appeal. However, a review of the two documents leads this magistrate to a different conclusion.
 {¶ 19} In his motion to withdraw his guilty plea, relator asserted that his trial counsel was ineffective, that trial counsel did not zealously represent relator's interest, and that, although the trial court was aware of these threats, counsel did not request that the trial court grant a mistrial. Clearly, these issues involve matters which were not considered by this court in the original appeal and this court's prior decision does not render those issues moot.
 {¶ 20} It is clear from the record that relator's motion to withdraw his guilty plea has been pending in the trial court for eight years. Clearly, respondent has either refused to render a judgment or has unnecessarily delayed proceeding to judgment on that motion. Based on the foregoing, it is this magistrate's conclusion that relator is entitled to a writ of procedendo from this court ordering respondent, Judge Patrick McGrath of the Franklin County Court of Common Pleas, to rule on relator's May 12, 1995 motion to withdraw his guilty plea.