**The STATE ex rel. NEWMAN**

v.

**GRETICK.**

[Cite as *State ex. rel. Newman v. Gretick*, 155 Ohio App.3d 696, 2004-Ohio-222.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–03–023.

Decided Jan. 12, 2004.

Glenn H. Troth, for relator.

Anthony L. Gretick, pro se.

PETER M. HANDWORK, Presiding Judge.

{¶ 1} Relator, Marcella M. Newman, asks this court to issue a writ of procedendo ordering respondent, Judge Anthony L. Gretick, judge of the Williams County Court of Common Pleas, to proceed to judgment in her action for divorce. Relator asserts that Judge Gretick failed to comply with Sup.R. 40 by failing to render a decision in this case within 90 days of the date, July 28, 2003, that the case was submitted.

{¶ 2} In her affidavit in support of her petition, relator attests to the fact that her divorce proceeding was commenced in September 1999. She also avers that she was recently diagnosed as having lung cancer and that the stress of the pending divorce action has had an adverse effect on her disease.

{¶ 3} In his answer, respondent claims that the delay in making a decision is due to "[t]he complicated nature of this matter, the typical workload of a one judge court * * *, and staff limitations." Judge Gretick also states that his decision is in "partial draft form" and that he "anticipates completion within thirty to sixty days."

{¶ 4} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require a respondent to proceed, a clear legal duty on the part of the respondent to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899.

{¶ 5} In *State ex rel. Richard v. Calabrese* (1993), 66 Ohio St.3d 193, 610 N.E.2d 1002, the Ohio Supreme Court held that the Ohio Rules of Superintendence do not create rights in litigants for the purpose of extraordinary writs. Thus, relator's reliance on Sup.R. 40 for the creation of such a right is misplaced. However, such rights do arise and a writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed in proceeding to judgment. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24.

{¶ 6} Considering all of the factors in the instant case, we find that an inordinate amount of time has lapsed since this case was submitted for the trial court's decision. *State ex rel. Doughty v. Campbell*, 11th Dist. No. 2002–T–0112, 2002-Ohio-6466, 2002 WL 31663541, at ¶ 4. Accordingly, relator's request for a writ of procedendo is granted, and respondent is ordered to render its decision, within 45 days of the date of our ruling, in case No. 99–DV–000190. Costs of this action are assessed to respondent.

Writ granted.

RICHARD W. KNEPPER and JUDITH ANN LANZINGER, JJ., concur.