OPINION AND JOURNAL ENTRY
{¶ 1} This matter comes for consideration upon Relator Damon McCall's filing of an original action with this Court. On May 5, 2004, McCall filed a Petition for Writ of Mandamus, or in the alternative Writ of Procedendo asking this Court to compel Respondent Judge James Evans to rule upon his outstanding Motion to Alter and/or Amend Judgment and Sentence filed on August 29, 2003. Respondent has yet to rule upon this motion, but nonetheless, has sought the dismissal of McCall's petition. Because McCall has the right to have outstanding motions ruled upon, McCall's Petition is granted.
 {¶ 2} On April 3, 1991, McCall was convicted of Aggravated Murder with a firearm specification, Felonious Assault with a firearm specification, and Aggravated Robbery with a firearm specification. He was then sentenced to, what essentially amounted to, life in prison for all of the charges. He timely appealed the conviction and the sentence to this Court. On May 3, 1993, this Court affirmed the verdict and sentence. The Supreme Court of Ohio then denied McCall's motion to appeal. On August 29, 2003, McCall filed his motion with the trial court which remains outstanding.
 {¶ 3} In response to McCall's filing of the request for an extraordinary writ, Respondent has filed a motion to dismiss the petition claiming that the underlying motion is meritless. Respondent explains that both of the arguments in support of the motion to amend are contrary to established law. What Respondent fails to recognize, however, is that its motion to dismiss addresses why the underlying motion should be denied, notwhether it should be ruled upon.
 {¶ 4} This Court addressed a similar situation where the relator attempted to argue the merits of an outstanding motion inState ex rel Howard v. Sargus (Mar. 21, 2001), 7th Dist. No. 99 BA 24. In that case, the relator filed a Writ of Procedendo requesting that this court compel the trial court to rule on his Motion for Production of Documents filed in the trial court. The respondent answered relator with a request to deny the writ alleging that the relator's request for grand jury testimony was without merit.
 {¶ 5} Prior to this court's ruling on the relator's petition for writ of procedendo, the relator filed an additional petition for writ of mandamus, basically requesting the same relief as requested in his original petition for writ of procedendo. This court explained that, although either procedendo or mandamus may apply in this circumstance, this court would address the relator's filings as a complaint in procedendo since, "although mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since `an inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" Stateex rel. Dehler v. Sutula (1995), 74 Ohio St.3d 33, 35, quotingState ex rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104.
 {¶ 6} This court further explained that extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. See State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64. In order to be entitled to a writ of procedendo, a relator must establish: (1) a clear legal right to require the court to proceed; (2) a clear legal duty on the part of the court to proceed; and, (3) the lack of an adequate remedy in the ordinary course of law. See Parrott.
 {¶ 7} This court reasoned,
 {¶ 8} "Clearly in this case, Relator has a right to have his motion ruled upon by the trial court. The trial court also has the duty to rule upon motions properly presented before that court. Procedendo is the proper vehicle to direct the trial court to issue a ruling upon motions properly before the court.
 {¶ 9} "It appears from the record available to this court that the trial court has not yet entered a ruling on Relator's motion.
 {¶ 10} "Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court about what the judgment should be. See Parrott, supra. We cannot dictate the discretion of a trial court.
 {¶ 11} "For all the reasons cited above, it is the decision of this court to issue the Writ of Procedendo ordering the trial court to rule on Relator's Motion for Production of Documents. This court is not, at this time, addressing the merits of Relator's motion; that decision is totally within the purview of the trial court." Id. at 2.
 {¶ 12} In the present case, Respondent has likewise attacked the merits of the underlying motion but has failed to offer any reasons why McCall's motion should not be ruled upon. Because it appears that McCall has the right to have his motion ruledupon, Respondent's Motion to Dismiss is denied. This is not to say that McCall's motion will be or should be granted. The granting of McCall's petition would only serve to force Respondent to effect some closure on the underlying proceedings.
 {¶ 13} For the reasons stated above, McCall's Petition is granted and Respondent's Motion to Dismiss is denied.
 {¶ 14} Costs taxed against Respondent.
 {¶ 15} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, J., Vukovich, J. and DeGenaro, J., concurs.