OPINION AND JOURNAL ENTRY
{¶ 1} On July 20, 2005 pro-se Relator filed a complaint for writ of procedendo seeking an order to compel Respondent to issue an order on his November 1, 2004, motion for leave to file a delayed petition for post-conviction relief. Relator's prayer for relief includes an evidentiary hearing (on his petition), or a new trial to include evidence not heard and/or allow a plea bargain for a first time offender, or for findings of fact and conclusions of law.
 {¶ 2} It is obvious that several of the items requested are not appropriate issues for consideration in a post-conviction petition. R.C. 2953.21 allows a convicted person to file a petition for relief when he claims "that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." Before granting a hearing the trial court must determine whether substantive grounds for relief are stated in the petition. A plea bargain request is not an issue for post-conviction relief and a new trial request is addressed in Criminal Rule 33.
 {¶ 3} In response to the petition, on September 25, 2005, the Respondent filed a motion to dismiss based on mootness. Attached to the motion is a September 20, 2005 judgment of the Respondent denying Relator's motion. The record further discloses that a notice of appeal was filed from the September 20, 2005 judgment. That appeal remains pending (Case No. 05 MA 176).
 Standard for Procedendo {¶ 4} The standard for issuance of a writ of procedendo is stated in State ex rel. Watkins v. Eighth Dist. Court ofAppeals (1998), 82 Ohio St.3d 532.
 {¶ 5} "Extraordinary relief in procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. State ex rel.Miley v. Parrott (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26."
 {¶ 6} The Miley court reiterated the elements required to be proven. A relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Sherrill v. Cuyahoga Cty.Court of Common Pleas (1995), 72 Ohio St.3d 461, 462,650 N.E. 2d 899, 900.
 Applicability of R.C. 2953.23 {¶ 7} In this case Relator, at the time the complaint was filed, asserted there was an unnecessary delay in ruling on his motion. That issue has become moot by the order of September 20, 2005 denying the motion for a delayed post-conviction petition.
 {¶ 8} R.C. 2953.23 addresses an untimely petition for post-conviction relief, as is present in this case. Section A(1) provides that an untimely petition [one not filed within one hundred eighty days after the date the trial transcript is filed with the court of appeals in the direct appeal — R.C.2953.21(A)(2)] will be considered only upon the following:
 {¶ 9} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 10} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for the constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} In the case sub judice the Respondent denied leave to file a delayed petition for post-conviction relief. It did not pass judgment on the merits to a petition for post-conviction relief. R.C. 2953.23 contains no provision requiring the court to issue findings of fact and conclusions when denying leave to file a late petition.
 {¶ 12} Accordingly, based on the record demonstrating that Respondent proceeded to judgment on the motion to file a delayed petition for post-conviction relief and Relator appealed such judgment, the motion to dismiss on the grounds of mootness is sustained.
 {¶ 13} Complaint for procedendo dismissed. Costs taxed against Relator.
 {¶ 14} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs, Vukovich, J., concurs, Waite, J., concurs.