DECISION
{¶ 1} Relators, Sidney T. Lewis and Kimberly Austin filed this original action requesting a writ of procedendo against respondent, the Honorable Tommy Thompson, a judge of the Franklin County Court of Common Pleas contending that the trial court granting a third-party defendant a continuance violated their due process rights. Relators also filed a motion to show cause why they should not be held in contempt of court for proffering false statements in these proceedings. Respondent filed a motion to dismiss.
 {¶ 2} The action was referred to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate determined that respondent's motion to dismiss should be granted but did not rule on the motion to show cause. No objections have been filed.
 {¶ 3} Regarding the motion to dismiss and after a review of the magistrate's decision and an independent review of the file, this court finds the magistrate has correctly determined the pertinent facts and applied the relevant law to those facts. Thus, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.
 {¶ 4} Regarding the motion to show cause, relators contend that respondent made a false claim in his motion to dismiss by referring to Old Republic Insurance Company as a party in the action. However, relators' amended complaint for a writ of procedendo refers to Old Republic Insurance Company as a "Third-Party Defendant." After a review of the computerized docket attached as an exhibit to relators' memo contra, it appears Old Republic Insurance Company was a third-party defendant as the result of a cross-claim filed against it. Thus, relators' motion has no merit and is denied.
 {¶ 5} In accordance with the magistrate's recommendation, we hereby grant respondent's motion to dismiss and we deny relators' motion to show cause.
Motion to dismiss granted; motion to show cause denied.
Brown and McGrath, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Sidney T. Lewis and Kimberly Austin, : :
Relators, : :
v. : No. 04AP-1235 :
Tommy Thompson, Judge of the : (REGULAR CALENDAR) Court of Common Pleas, : :
Respondent. :
 MAGISTRATE'S DECISION Rendered on June 14, 2005 Sidney T. Lewis, pro se.
Kimberly Austin, pro se.
Ron O'Brien, Prosecuting Attorney, and Patrick E. Sheeran,
for respondent.
 IN PROCEDENDO ON RESPONDENT'S MOTION TO DISMISS {¶ 6} In this original action, relators Sidney T. Lewis and Kimberly Austin request that a writ of procedendo issue against respondent, the Honorable Tommy Thompson, a judge of the Franklin County Court of Common Pleas.
Findings of Fact:
 {¶ 7} On November 16, 2004, relators commenced this original action against respondent. On November 22, 2004, relators filed an amended complaint against respondent.
 {¶ 8} According to the amended complaint, relators are the plaintiffs in a civil action filed in the Franklin County Court of Common Pleas. The civil action is assigned case number 03CV-474.
 {¶ 9} According to the amended complaint, on October 14, 2004, respondent "unlawfully granted the application of the Third-Party Defendant, Old Republic Surety Company, in that action to continue the matter before the inferior court because of the pendency of Old Republic Insurance Company before the Common Pleas Court of Franklin County, Ohio. [Sic.]"
 {¶ 10} According to the amended complaint, respondent "hadno jurisdiction to allow this continuance on October 14, 2004, but should have proceeded to Summary Judgment because this action involves a Surety Bond as a written contract or `SPECIALPROMISE' pursuant to the Statutory Mandates of O.R.C. §1335.05." (Emphasis sic.)
 {¶ 11} According to the amended complaint:
Relator-Plaintiff Sidney Lewis has filed a motion requesting defendant Judge to set the matters for oral hearing on the Motion for Continuance and the Motion For Summary Judgment on October13, 2004, but he refuses, without explanation on October 14,2004 and to date.
Wherefore, the Relators pray for the issuance of a writ of procedendo commanding the Honorable Judge Tommy Thompson to proceed to final judgment in the case before him involving Ohio Revised Code, Section § 1335.05 as a "Mandatory Statute" irrespective of the proceedings pending in the Tenth District Court of Appeals for Franklin County, Ohio, or show cause at a specified time and place why he has not done so.
(Emphasis sic.)
 {¶ 12} On January 18, 2005, respondent moved to dismiss this action. In his memorandum in support, respondent explains that, in the civil action in common pleas court, he granted a brief continuance to permit a party an additional two weeks to file its memorandum contra to a motion for summary judgment. Respondent also states that an appeal to this court was filed to challenge respondent's granting of the continuance.
 {¶ 13} On January 24, 2005, relators filed a memorandum contra to respondent's motion to dismiss. In their memorandum contra, relators assert that respondent's grant of a continuance was an illegal act that violates the United States and Ohio Constitutions. Relators attach several exhibits to their memorandum contra.
 {¶ 14} Exhibit D attached to relators' memorandum contra presents the entry of respondent that is the subject of this original action. In the entry, respondent grants to third-party defendant, Old Republic Insurance Company, a "two week extension of time to respond to the motion of Sidney T. Lewis for partial summary judgment."
Conclusions of Law:
 {¶ 15} It is the magistrate's decision that this court grant respondent's motion to dismiss on grounds that the amended complaint fails to state a claim upon which relief in procedendo can be granted.
 {¶ 16} A writ of procedendo is an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment in a case before it. State ex rel. Sherrills v.Cuyahoga Cty. Court of Common Pleas (1995), 72 Ohio St.3d 461,462. The writ does not attempt to control the inferior court as to what the judgment should be. Id.
 {¶ 17} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v. Parrott (1996),77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. An inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy. Id.
 {¶ 18} While inartfully drafted, it is clear from the amended complaint itself that relators have brought this action to challenge respondent's granting of a continuance in ruling on a summary judgment motion filed in the common pleas court. According to the amended complaint, the continuance at issue was granted by respondent on October 14, 2004. This original action was commenced by relators on November 16, 2004, less than five weeks later.
 {¶ 19} Moreover, while the amended complaint itself fails to specify the length or nature of the continuance, relators have submitted an exhibit to their memorandum contra indicating that the continuance at issue here is a two-week extension of time that respondent granted to a party to respond to a motion for summary judgment.
 {¶ 20} In order to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts warranting relief. O'Brienv. University Community Tenants Union (1975), 42 Ohio St.2d 242.
 {¶ 21} Here, it is indeed beyond doubt that relators can prove no set of facts warranting relief in procedendo. O'Brien.
 {¶ 22} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.