DECISION
{¶ 1} Richard Carter filed this action in procedendo, seeking a writ to compel a judge in the Franklin County Court of Common Pleas to issue a ruling on his motion for relief "from unlawful incarceration."
 {¶ 2} In accord with Loc.R. 12, the case was referred to a magistrate to conduct appropriate proceedings. On December 31, 2007, the magistrate issued a magistrate's decision which includes a recommendation that we grant summary judgment for the *Page 2 
Franklin County Court of Common Pleas because the judge assigned to Richard Carter's case had ruled on Mr. Carter's motion. (Attached as Appendix A.)
 {¶ 3} No objections have been filed to the magistrate's decision. No error of law or fact is present on the face of the magistrate's decision, so we adopt the findings of fact and conclusions of law contained in the magistrate's decision. We, therefore, grant summary judgment on behalf of the Franklin County Court of Common Pleas and deny the request for a writ of procedendo. Costs are assessed against relator, Richard Carter.
Motion for summary judgment granted; request for a writ of procedendodenied.
 McGRATH, P.J., and BROWN, J., concur. *Page 3 MAGISTRATE'S DECISION {¶ 4} Relator, Richard Carter, has filed this original action requesting that this court issue a writ of procedendo ordering a judge of the Franklin County Court of Common Pleas to rule on his April 2005 motion for relief from unlawful incarceration. *Page 4 
 Findings of Fact:
 {¶ 5} 1. Relator is an inmate currently incarcerated at the Chillicothe Correctional Institution.
 {¶ 6} 2. On September 26, 2006, relator filed this procedendo action seeking to compel the trial court judge to rule on his underlying motion.
 {¶ 7} 3. Because relator had failed to comply with the mandatory filing requirements set forth in R.C. 2969.25(A) and (C), this magistrate recommended that the trial court dismiss this action.
 {¶ 8} 4. By journal entry dated November 3, 2006, this court referred the matter back to the magistrate after deciding to construe an October 2006 letter, filed after the original magistrate's decision, as a motion seeking additional time to file the institutional cashier's statement required by R.C. 2969.25(C).
 {¶ 9} 5. On December 12, 2007, the assistant prosecuting attorney, on behalf of respondent, Judge Sheward, who had been assigned relator's underlying case, filed a motion for summary judgment asserting that respondent had ruled on relator's underlying motion. Respondent has attached as exhibit A, a copy of the December 10, 2007 decision and entry which denied relator's request for relief from unlawful incarceration.
 {¶ 10} 6. The matter is currently before the magistrate on respondent's motion for summary judgment.
Conclusions of Law:
 {¶ 11} The magistrate recommends that this court grant summary judgment in favor of respondent, Judge Sheward. *Page 5 
 {¶ 12} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v.Parrott (1996), 77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 13} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 14} It is undisputed that a writ of procedendo will not issue to compel the performance of a duty which has already been performed. SeeState ex rel. Walker v. Kilbane Koch, 98 Ohio St.3d 295, 2003-Ohio-856. Because Judge Sheward has issued a decision and entry denying relator's motion, the act which relator seeks to compel Judge Sheward to perform has already been completed. As such, relator's petition for a writ of procedendo is now moot. *Page 6 
 {¶ 15} Based on the foregoing, this magistrate concludes that this court should grant the motion of respondent, Judge Sheward, and grant summary judgment in respondent's favor. *Page 1