DECISION
{¶ 1} Relator, Robert Hannah, has filed this action in mandamus seeking a writ to compel Judge Guy L. Reece to rule on motions pending before the judge.
 {¶ 2} In accord with Loc.R. 12, this case was referred to a magistrate to conduct appropriate proceedings. The magistrate has issued a magistrate's decision which recommends that we grant summary judgment in this case because Judge Reece has ruled upon the motions. (Attached as Appendix A.) *Page 2 
 {¶ 3} No party has filed objections to the magistrate's decision. Upon review of the magistrate's decision, we find no error of law or fact present. We, therefore, grant summary judgment on behalf of Judge Reece and refuse to grant the requested writ.
Motion for summary judgment granted; writ of mandamus denied.
 McGRATH, P.J., and BROWN, J., concur. *Page 3 
 {¶ 4} Relator, Robert Hannah, has filed this original action requesting that this court issue a writ of mandamus ordering respondent to rule on his motions pending in the Franklin County Court of Common Pleas in his underlying criminal action, State v. Hannah, case No. 01CR-06-3497. *Page 4 
Findings of Fact: {¶ 5} 1. Relator is an inmate currently incarcerated at the Lebanon Correctional Institution.
 {¶ 6} 2. On November 16, 2007, relator filed a mandamus action in this court seeking to compel respondent to rule on two motions pending in the trial court.
 {¶ 7} 3. On December 6, 2007, the assistant prosecuting attorney, on behalf of respondent, filed a motion to dismiss on grounds that respondent had issued a decision and entry denying both of relator's motions. Because the motion to dismiss attached and relied on evidence outside the record, the magistrate converted the motion to dismiss to one for summary judgment.
 {¶ 8} 4. The matter is currently before the magistrate on respondent's motion for summary judgment.
Conclusions of Law: {¶ 9} The magistrate recommends that this court grant summary judgment in favor of respondent, Judge Reece.
 {¶ 10} Although relator has styled this action as one seeking a writ of mandamus, in reality relator seeks a writ of procedendo to compel the trial court to rule on his pending motions. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64,65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id. *Page 5 
 {¶ 11} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 12} It is undisputed that a writ of procedendo will not issue to compel the performance of a duty which has already been performed. SeeState ex rel. Walker v. Kilbane Koch, 98 Ohio St.3d 295, 2003-Ohio-856. Because Judge Reece has issued a decision and entry denying relator's motions, the act which relator seeks to compel Judge Reece to perform has already been completed. As such, relator's petition for a writ of mandamus/procedendo is now moot.
 {¶ 13} Based on the foregoing, this magistrate concludes that this court should grant the motion of respondent, Judge Reece, and grant summary judgment in respondent's favor. *Page 1