[Cite as *State ex rel. Steele v. Frye*, 2018-Ohio-2908.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Charles M. Steele, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | No. 18AP-121 |
| | : | |
| Judge Richard A. Frye, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on July 24, 2018

**On brief:** *Charles M. Steele,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

HORTON, J.

{¶ 1} Relator, Charles M. Steele, an inmate incarcerated at Chillicothe Correctional Institution, commenced this original action on February 16, 2018, requesting this court to issue a writ of procedendo ordering respondent, the Honorable Judge Richard M. Frye, a judge of the Franklin County Court of Common Pleas, to rule on relator's motion for relief from judgment. On March 27, 2018, respondent filed a motion to dismiss relator's complaint, asserting that relator's request for the writ of procedendo was moot, as respondent ruled on relator's motion on March 9, 2018.

{¶ 2}    Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision on April 27, 2018, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommended that this court dismiss relator's complaint as moot, and that fees be waived. Relator has not filed an objection to the magistrate's decision.

{¶ 3}    Respondent attached, to the motion to dismiss, a time-stamped copy of the March 9, 2018 journal entry denying relator's motion. It is well-established that procedendo does not lie to compel performance of a duty that has already been performed. *See State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, ¶ 6. Thus, as respondent has already ruled on relator's motion, relator is not entitled to a writ of procedendo.

{¶ 4}    Finding no error of law or other defect on the face of the magistrate's decision, this court adopts that decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss, and dismiss relator's request for a writ of procedendo as moot.

*Action dismissed.*

TYACK and KLATT, JJ., concur.

————————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel.                                    :
Charles M. Steele,
                                                     :
                    Petitioner,
                                                     :
v.                                                                        No. 18AP-121
                                                     :
Judge Richard A. Frye,                                                (REGULAR CALENDAR)
                                                     :
                    Respondent.
                                                     :

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 27, 2018

---

*Charles M. Steele,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

---

### IN PROCEDENDO
### ON RESPONDENT'S MOTION TO DISMISS

{¶ 5} Petitioner, Charles M. Steele, has filed this original action requesting this court issue a writ of procedendo ordering respondent, the Honorable Richard A. Frye, judge of the Franklin County Court of Common Pleas, to comply with this court's journal entry filed September 19, 2017 in *Steele v. Chillicothe Corr. Inst.,* 10th Dist. No. 17AP-86, ordering respondent to rule on petitioner's motion for relief from judgment filed with the trial court on February 10, 2017.

Findings of Fact:

{¶ 6}   1. Petitioner is an inmate currently incarcerated at Chillicothe Correctional Institution serving sentences for rape and kidnapping.

{¶ 7}   2. On November 22, 2016, petitioner filed a lawsuit pro se in the underlying case: *Steele v. Chillicothe Corr. Inst.,* Franklin C.P. No. 16CV-11128. In that case, petitioner seeks compensatory and punitive damages against the defendants named therein.

{¶ 8}   3. On December 6, 2016, the trial court ordered petitioner re-plead his complaint and file it within 21 days of the court's entry.

{¶ 9}   4. Petitioner did not file an amended complaint; instead, he filed an application for default judgment on December 30, 2016.

{¶ 10} 5. On January 5, 2017, the trial court denied petitioner's motion for default judgment and dismissed his case.

{¶ 11} 6. On February 3, 2017, petitioner filed a notice of appeal in this court from the trial court's judgment denying his application for default judgment.

{¶ 12} 7. On February 10, 2017, petitioner filed a motion for relief from judgment in the trial court.

{¶ 13} 8. As part of that appeal, petitioner asserted he was not served with the trial court's December, 2016 judgment entry wherein the trial court ordered that he re-plead his civil action.

{¶ 14} 9. In this court's journal entry filed September 19, 2017, this court "*sua sponte* stayed [petitioner's appeal] and remanded to the trial court for the limited purpose of allowing the trial court to rule upon [petitioner's] motion for relief from judgment."

{¶ 15} 10. On February 16, 2018, petitioner filed this procedendo action because the trial court had failed to rule on his motion for relief from judgment despite being ordered to do so by this court. At the same time, petitioner filed an affidavit of indigency and a petition to proceed in forma pauperis.

{¶ 16} 11. On March 27, 2018, respondent filed a motion to dismiss and attached a copy of the judgment entry denying petitioner's motion for relief from judgment filed March 9, 2018.

Conclusions of Law:

{¶ 17} In order to be entitled to a writ of procedendo, a petitioner must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.*

{¶ 18} An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 19} Procedendo is an order from a court of superior jurisdiction to proceed to judgment: it does not attempt to control the inferior court as to what the judgment should be. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995).

{¶ 20} Because respondent has now performed the act which petitioner sought to compel by way of the filing of this procedendo action, there is no relief which this court can grant, the matter is moot. This court should grant respondent's motion and dismiss this case. Inasmuch as respondent's action ruling on petitioner's outstanding motion occurred after the filing of this procedendo action, it is this magistrate's determination that fees in this matter be waived.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).