OPINION
{¶ 1} Defendant-appellant Michael Sitzman appeals from the October 4, 2005, and October 11, 2005, Judgment Entries of the Stark County Court of Common Pleas, Family Court Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Michael Sitzman and appellee Amie Sitzman were married on January 23, 1984. Both of the parties' children are emancipated.
 {¶ 3} On March 10, 2005, appellee filed a complaint for divorce against appellant in the Stark County Court of Common Pleas, Family Court Division.
 {¶ 4} A temporary order hearing was scheduled for April 12, 2005. Appellant appeared pro se on such date. Pursuant to a Magistrate's Order filed on April 13, 2005, the Magistrate continued the matter until April 26, 2005. The Magistrate, in her order, stated that the matter would proceed on April 26, 2005, "with or without counsel."
 {¶ 5} Thereafter, as memorialized in a Magistrate's Order filed on April 27, 2005, the Magistrate, following the April 26, 2005, hearing, granted appellee exclusive use of a Mercury Tracer and ordered appellant to pay temporary spousal support to appellee in the amount of $450.00 a month beginning on May 1, 2005.
 {¶ 6} An uncontested divorce trial was held before a Magistrate on July 12, 2005. Appellant did not appear for the same. Pursuant to a Magistrate's Decision filed on July 13, 2005, the Magistrate recommended that appellee be granted a divorce from appellant and that appellee be granted the 1995 Mercury Tracer free and clear of all claims of appellee. The Magistrate further recommended that appellant be ordered to pay spousal support to appellee in the amount of $500.00 a month for seven years and that appellee be awarded 50% of the equity in the marital residence.
 {¶ 7} On July 21, 2005, appellant filed an objection to the Magistrate's Decision. Appellant, in his objection, stated, in relevant part, as follows:
 {¶ 8} "1. The Defendant is a debtor in a pending Chapter 13 Bankruptcy proceeding, Case No. 04-62518, filed in the Northern District of Ohio, on May 11, 2004.
 {¶ 9} "2. As a result of said bankruptcy, this divorce proceeding was stayed under the United States Bankruptcy Code, and this Court had no authority to proceed with a divorce.
 {¶ 10} "3. Attached hereto is a copy of the Notice of Meeting of Creditors and the Bankruptcy Court Docket.
 {¶ 11} "4. Further attached is the Magistrate's decision dated July 12, 2005, which was filed in [sic] July 13, 2005.
 {¶ 12} "5. Further attached is Defendant's affidavit in support of this Objection." Appellant, in his Objection, asked that the Magistrate's Decision of July 12, 2005, be vacated in its entirety.
 {¶ 13} A hearing on appellant's objection was held before the trial court on September 12, 2005. At the hearing, appellant's counsel indicated to the trial court that a bankruptcy petition was pending as of the date of the trial before the Magistrate on July 12, 2005. Appellant, when asked, indicated to the trial court that the pending bankruptcy petition was brought to the Magistrate's attention at the first temporary order hearing on April 12, 2005. At the objection hearing, appellee's counsel stated on the record, in relevant part, as follows:
 {¶ 14} "Atty. Williams: Your Honor when we were here before the bankruptcy was mentioned at the admission hearing. I mean this . . . these parties have been before this Court for probably the last you know eight or nine months initially on a domestic violence. Um Jeremy Foltz was representing Mr. Sitzman at that time. We discussed the bankruptcy. We came back when the divorce was filed we came here for hearing. I discussed with Mr. Foltz at that time Mr. Sitzman was agreeing . . . we were going to file a joint Motion for Relief from Stay. We came back for the hearing, Jeremy was not there. Mr. Sitzman said that he wanted to get um I guess additional counsel. We came back two weeks later on April 26th he was there pro se. Throughout all of these proceedings he has never once filed an answer or any pleading necessarily [sic] in this matter." Transcript of September 12, 2005, hearing at 7. However, no mention of the pending bankruptcy petition was made in any of the Magistrate's Orders or Decisions.
 {¶ 15} Subsequently, as memorialized in a Judgment Entry filed on October 4, 2005, the trial court overruled appellant's objection to the Magistrate's Decision. A Judgment Entry: Final Decree of Divorce was filed on October 11, 2005. The trial court, in such entry, awarded appellee a divorce from appellant and ordered appellant to pay spousal support to appellee in the amount of $500.00 a month for seven years. The trial court also awarded appellee 50% of the equity in the marital home and ordered appellant to refinance the same within six months or the marital home would be sold or auctioned off. The trial court also awarded appellee the 1995 Mercury Tracer.
 {¶ 16} Appellant now raises the following assignments of error on appeal:
 {¶ 17} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE AUTOMATIC STAY IN BANKRUPTCY DID NOT STAY THE EQUITABLE ASPECTS OF THE DIVORCE PROCEEDING.
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO FIND THAT MR. SITZMAN DETRIMENTALLY RELIED ON THE STATEMENT MADE BY OPPOSING COUNSEL THAT SHE WOULD SEEK RELIEF FROM STAY IN BANKRUPTCY BEFORE CONTINUING WITH THE DIVORCE PROCEEDING.
 {¶ 19} "III. THE TRIAL COURT'S JUDGMENT ENTRY: FINAL DIVORCE DECREE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND OTHERWISE CONTRARY TO LAW."
 I {¶ 20} Appellant, in his first assignment of error, argues that the trial court erred in holding that the automatic stay in bankruptcy did not stay "the equitable aspects of the divorce proceeding." Appellant specifically contends that, while the trial court had jurisdiction to grant appellee a divorce from appellant, the trial court, due to the automatic bankruptcy stay, did not have jurisdiction to divide the marital property or to determine spousal support. We agree in part and disagree in part.
 {¶ 21} As is stated above, the parties in the case sub judice filed a Chapter 13 bankruptcy petition on May 11, 2004. Subsequently, on March 10, 2005, while the bankruptcy case was still pending, appellee filed a complaint for divorce.
 {¶ 22} Federal bankruptcy law provides an automatic stay of judicial proceedings against a debtor upon the filing of a bankruptcy petition.[1] 11 U.S.C. Section 362(a)(1) establishes this mandatory automatic stay and states, in relevant part, as follows: "(a) * * * [A] petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of —
 {¶ 23} "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."
 {¶ 24} However, 11 U.S.C. Section 362(b) states, in relevant part, as follows:
 {¶ 25} The filing of a petition * * * does not operate as a stay —
 {¶ 26} "(2) under subsection (a) of this section —
 {¶ 27} "(A) of the commencement or continuation of an action or proceeding for —
 . . . {¶ 28} "(ii) the establishment or modification of an order for alimony, maintenance, or support; or
 {¶ 29} "(B) of the collection of alimony, maintenance, or support from property that is not property of the estate. . . ." (Emphasis added). See also State ex rel. Miley v. Parrott,77 Ohio St.3d 64, 66, 671 N.E.2d 24, 1996-Ohio-350. As noted by the court in Parrot, "although the filing of a bankruptcy petition stays the equitable distribution in a divorce case of the debtor's interest in marital assets, certain aspects of the divorce case, such as dissolution of the marriage and child custody issues, are not stayed." Id. at 66.
 {¶ 30} The parties in the case sub judice agree that the trial court had no jurisdiction to order any division of marital assets and property. This Court previously addressed such issue in Wade v. Wade, Morrow App. No. CA-943, 2002-Ohio-5337. InWade, the appellant filed a complaint for divorce on May 14, 1999. Thereafter, on April 2, 2001, the appellee filed a Chapter 13 bankruptcy action. After the divorce decree was filed, the appellant filed a motion to set aside the same, arguing that the trial court had no jurisdiction to proceed with filing the decree because of the automatic stay imposed by the appellee's bankruptcy action. After the trial court denied the motion, the appellant appealed, arguing that the trial court erred in filing the decree after the appellee had filed a bankruptcy action.
 {¶ 31} This Court, in Wade, sustained the appellant's assignment of error, holding, in relevant part, as follows: "The filing of a petition in bankruptcy operates as a stay of certain legal proceedings against the debtor, including the enforcement of judgments against him as set forth in Section 362, Title 11, U.S.Code. Barnett v. Barnett (1984), 9 Ohio St.3d 47, 47,458 N.E.2d 834. The automatic stay provision of section 362(a), Title 11, U.S. Code, however, does not automatically stay many of the aspects of a divorce action, such as dissolution of the marriage, child custody issues, spousal support, child support, or an action for the collection of support from property that is not part of the bankruptcy estate. See Section 362(b), Title 11, U.S.Code; State ex rel. Miley v. Parrott, 77 Ohio St.3d 64,671 N.E.2d 24, 1996-Ohio-350; Lalli v. Lalli (Mar. 16, 2001), Ashtabula App. No. 98-A-0096; In re Ropberge (Bkrtcy.Ct.E.D.Va. 1995), 181 B.R. 854. When applied to a divorce action, the automatic stay provision of Section 362(a), Title 11, U.S. Code, is applicable only to the division and award of marital assets and property. McLeod v. McLeod (Dec. 14, 2000), Cuyahoga App. No. 77300; In re Hohenberg (Bkrtcy.W.D.Tenn. 1992),143 B.R. 480; In re Bamman (Bkrtcy. W.D. Mo 1999), 239 B.R. 560.
 {¶ 32} "In light of the fact the bankruptcy stay is automatically imposed, we agree with appellant the trial court erred in proceeding to divide the marital assets in the divorce decree. As set forth above, the parties are free to petition the bankruptcy court for a lifting of the stay. However, until the stay has been lifted, the trial court is without jurisdiction to divide marital assets which are also part of appellee's estate in bankruptcy." Id at paragraphs 10 and 11.
 {¶ 33} Thus, the only issue for determination is whether the trial court had jurisdiction to order appellant to pay spousal support to appellee in light of the automatic bankruptcy stay. Appellant contends that since, pursuant to11 U.S.C. Section 1306, a debtor's future earnings in a Chapter 13 are part of the bankrupt estate,[2] the trial court lacked jurisdiction to order appellant, as the debtor, to pay spousal support before obtaining relief from the automatic stay in bankruptcy. Appellant notes that, pursuant to 11 U.S.C. Section 362(b)(2), the automatic stay does not operate as a stay "of the collection of alimony, maintenance, or support from property that is not property of the estate".
 {¶ 34} As is stated above, 11 U.S.C. Section 362(b)(2) states that the automatic stay is not applicable to the collection of support that is not property of the bankruptcy estate. As noted by the court in McLeod v. McLeod (Dec. 14, 2000), Cuyahoga App. No. 77300, 2000 WL 1844751, "[i]n a Chapter 13 proceeding, this exception has little application since property of the estate includes the earnings of the debtor acquired after the bankruptcy is commenced." Id at 3. Cases interpreting the word "collection" in 11 U.S.C. Section 362(b)(2) have held that such term, as used in the statute, "extends to active proceedings to enforce alimony, maintenance, and support obligations." In the Matter ofJohnston, (D.Ariz. Feb. 11, 2005), 321 B.R. 262, 278. See alsoStringer v. Huet (9th Cir. 1988), 847 F.2d 549, 552 ("We find the exemption of [section] 362(b)(2) for `collection' of child support applies only to proceedings to collect child support that has been awarded by an order entered prior to the filing of a petition in bankruptcy.").
 {¶ 35} In the case sub judice, the trial court established
spousal support. Appellant contends that the trial court lacked jurisdiction to do so. However, as noted by the court in Lalliv. Lalli (March 16, 2001), Ashtabula App. No. 98-A-0096, 2001 WL 276984 "[11 U.S.C. Section 362(b)] permits a court to adjudicate spousal support issues during the pendency of a proceeding in bankruptcy. Thus, . . . the [trial] court did not thwart the automatic stay provisions of Section 362, Title 11, U.S. Code by ordering spousal support payments, as the establishment of such orders are clearly excepted by the rule." Id at 4. (Emphasis added).
 {¶ 36} Based on the foregoing, appellant's first assignment of error is sustained, in part, and overruled, in part. This Court finds that, while the trial court had jurisdiction to order spousal support, the trial court lacked jurisdiction to divide the parties' marital assets and property. The trial court's October 11, 2005, Judgment Entry is, therefore, vacated with respect to the issue of marital property.
 II {¶ 37} Appellant, in his second assignment of error, argues that the trial court abused its discretion in failing to find that appellant detrimentally relied on the statements of opposing counsel that she would seek a relief from the automatic bankruptcy stay before continuing with the divorce proceeding. Appellant contends that he did not appear for the divorce hearings under the mistaken belief that the divorce would not go forward until relief from the automatic bankruptcy stay had been obtained.
 {¶ 38} We, however, find that the trial court did not abuse its discretion since appellant had a duty to appear for the scheduled hearings. We agree with appellee that appellant should not have assumed that the hearings and trial would not proceed. As noted by the trial court on the record at the September 12, 2005, hearing, appellant did so at his own peril.
 {¶ 39} Based on the foregoing, appellant's second assignment of error is overruled.
 III {¶ 40} Appellant, in his third assignment of error, maintains that the trial court's Judgment Entry: Final Decree of Divorce was against the manifest weight of the evidence and otherwise contrary to law. Appellant specifically contends that the trial court should have considered the effects of the pending bankruptcy in dividing the parties' marital assets and determining spousal support.
 {¶ 41} With respect to spousal support, appellant appears to argue that the trial court abused its discretion in establishing spousal support while the chapter 13 bankruptcy was pending since any bankruptcy plan may impact the parties' financial situation. However, as is stated above, the trial court had jurisdiction to establish spousal support during the pendency of the bankruptcy action. Thus, we find that the trial court did not abuse its discretion.
 {¶ 42} However, based on our disposition of appellant's first assignment of error, appellant's third assignment of error is sustained with respect to the division of marital property.
 {¶ 43} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, reversed and vacated, in part, and remanded.
By: Edwards, J. Wise, P.J. concurs Hoffman, J. concurs in part; dissents in part.
[1] Since the bankruptcy in this case was filed on May 11, 2004, the version of the Bankruptcy Code cited is the version that existed prior to the passage of the Bankruptcy Reform Act of 2005.
[2] See also In re Walter (Bkrtcy. N.D.Ohio 1993),153 B.R. 38.