[Cite as *May v. May*, 2012-Ohio-2348.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| AMY MAY, | : | |
| | : | |
| Plaintiff-Appellee. | : | |
| | : | Case No: 11CA910 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| DENNIS MAY, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: May 22, 2012 |
| | : | |

APPEARANCES:

Dennis May, West Union, Ohio, pro se, Appellant.

Barbara Moore-Eiterman, West Union, Ohio, for Appellee.

Kline, J.:

{¶1} Dennis May (hereinafter "Dennis") appeals the judgment of the Adams County Court of Common Pleas, Domestic Relations Division. In the proceedings below, the trial court granted Amy May (hereinafter "Amy") a divorce from Dennis. On appeal, Dennis contends that the trial court held an evidentiary hearing in violation of the United States Bankruptcy Code's automatic stay. We agree. Accordingly, we vacate the judgment of the trial court, declare the evidentiary hearing to be a nullity, and remand this cause to the trial court for a de novo final divorce hearing.

I.

{¶2} Amy and Dennis were married on December 27, 2002. And on July 30, 2009, Amy filed a complaint for divorce.

{¶3} On September 15, 2010, Dennis notified the trial court that he had filed for bankruptcy. In relevant part, Dennis stated the following:

Comes now the Defendant, Dennis J. May, through his

undersigned attorney and would show the Court:

1. He has filed a petition for relief under Title 11, United

States Code, in the U[n]ited States Bankruptcy Court for the

Southern District of Ohio, which bears case number 10-

16275.

2. Relief was ordered on September 13, 2010.

3. This action is founded on a claim from which a discharge

would be a release or that seeks to impose a charge on the

property of the estate.

* * *

WHEREFORE, the Defendant suggests that this action has

been stayed by the operation of 11 U.S.C. §362.

"Federal bankruptcy law provides an automatic stay of judicial proceedings against a debtor upon the filing of a bankruptcy petition." *Sitzman v. Sitzman*, 5th Dist. No. 2005CA00268, 2006-Ohio-3279, ¶ 22. Accordingly, the trial court stayed Dennis and Amy's divorce proceedings.

{¶4} It is not entirely clear what happened during Dennis's bankruptcy case. Nevertheless, on November 18, 2010, Amy's attorney filed the following motion: "Counsel for [Amy] has been contacted by [Dennis], who is no longer represented by counsel. [Dennis] informed counsel that his bankruptcy has been completed and he is

ready to resolve this matter. [Amy] respectfully requests that this case be set for a hearing at the Court's earliest convenience." As a result, the trial court set a hearing for February 4, 2011.

{¶5} Dennis represented himself at the February 4, 2011 hearing, which was held before a magistrate. The magistrate noted that "[t]here may be issues of property and debt * * * to take care of in the * * * process of the divorce hearing." Transcript at 1. In addition to these issues, Amy's attorney questioned Dennis about the bankruptcy proceedings.

{¶6} "Q: And when was this bankruptcy… uh, when was it finalized?

{¶7} "A: I don't know. Uh, that would be 11-11-10.

{¶8} "Q: And on the bankruptcy have you been advised that the bankruptcy has been dismissed and is no longer valid?

{¶9} "A: Have you been advised I just got a new letter, and it's been reopened?

{¶10} "Q: No, I have not been advised of that.

{¶11} "A: Well I do.

{¶12} "Q: May I see that?

{¶13} "A: Yeah. (inaudible)

{¶14} "It'll be finalized…. I go back February 18th, my certification letter, because [Dennis's former attorney] decided not [to] want to file it.

{¶15} "[Q]: So uh, this looks like, for the record, Your Honor, uh, the motion of the United States Trustee to reopen a Chapter 7 case.

{¶16} "[A]: And truthfully, by all rights, that puts a stop to this divorce hearing today, [be]cause it's a federal case." Transcript at 35-36.

{¶17} After discussing the status of Dennis's bankruptcy case, the magistrate stated that "basically this is just a motion- * * * It's just a motion to request that they open [the bankruptcy case] back up, it's not necessarily opened back up yet. * * * As far as I can tell it hasn't been reopened." Transcript at 37-38.

{¶18} On March 24, 2011, the magistrate issued his decision, and the trial court adopted the magistrate's decision that same day. The magistrate's decision (1) granted Amy a divorce and (2) distributed the marital property. On April 14, 2011, Dennis filed his objection to the magistrate's decision. Dennis objected "for the following reason: Dennis May filed Chapter 7 Bankruptcy (Case No. 1:10-bk-16275) and was granted a discharge under Section 727 of title 11, United States Code, (the bankruptcy code) on [February 22, 2011]." Objection to Magistrate's Decision. Dennis included the bankruptcy court's discharge entry as part of his objection. The trial court, however, dismissed Dennis's objection because it "ha[d] not been timely filed[.]" April 15, 2011 Journal Entry.

{¶19} Dennis appeals and asserts the following assignment of error: "The Court of Common Pleas Domestic Relations Division of Adams County failed to allow documentation that proved that Bankruptcy case no. 1:10-bk-16275 was not closed."

II.

{¶20} Initially, we must note a deficiency in Dennis's appellate brief. That is, Dennis's appellate brief does not comply with App.R. 16(A)(7), which provides: "The appellant shall include in its brief, under the headings and in the order indicated, all of the following: * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the

contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."  However, Dennis has cited no authority in support of his assignment of error -- not a single statute, case, or treatise.

**{¶21}** "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'"  *Thomas v. Harmon*, 4th Dist. No. 08CA17, 2009-Ohio-3299, ¶ 14, quoting *State v. Carman*, 8th Dist. No. 90512, 2008-Ohio-4368, ¶ 31.  "'It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.'"  (Alteration sic.)  *Catanzarite v. Boswell*, 9th Dist. No. 24184, 2009-Ohio-1211, ¶ 16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).  Therefore, "[w]e may disregard any assignment of error that fails to present any citations to case law or statutes in support of its assertions."  *Frye v. Holzer Clinic, Inc.*, 4th Dist. No. 07CA4, 2008-Ohio-2194, ¶ 12.  *Accord Coleman v. Davis*, 4th Dist. No. 10CA5, 2011-Ohio-506, ¶ 13; *Oldacre v. Oldacre*, 4th Dist. No. 08CA3073, 2010-Ohio-1651, ¶ 35 (Kline, J., with one judge concurring in judgment only); *see* App.R. 12(A)(2)

**{¶22}** We understand that Dennis has filed this appeal pro se.  Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure."  *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9.  But here, we also understand that "'an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules.'"  *State v. Richard*, 8th Dist. No. 86154, 2005-Ohio-6494, ¶ 4, quoting *Delaney v. Cuyahoga Metro. Housing Auth.*, 8th Dist. No. 65714, 1994 WL 326097, *2

(July 7, 1994).  Because we find some semblance of compliance in Dennis's brief, we will consider his assignment of error.  *See, e.g.*, *State v. Paulsen*, 4th Dist. Nos. 09CA15 & 09CA16, 2010-Ohio-806, ¶ 7 (addressing a pro se appellant's first-and-second assignments of error "in the interest of justice") (Kline, J., with one judge concurring in judgment only).

III.

**{¶23}** Before addressing Dennis's assignment of error, we must address the proper standard of review.  Amy argues that Dennis has "waived all but plain error by not objecting to the magistrate's decision within the time period required by [Civ.R. 53(D)(3)(b)(i)]."  Brief of Plaintiff-Appellee at 1.  And initially, Amy appears to be correct.  But upon closer inspection, it appears as though the trial court did not comply with Civ.R. 53(D)(3)(a)(iii).

**{¶24}** Under Civ.R. 53(D)(3)(a)(iii), "A magistrate's decision shall be * * * served by the clerk on all parties or their attorneys no later than three days after the decision is filed."  And here, the record indicates that Dennis was not served with the magistrate's decision in a timely fashion.  The magistrate filed his decision on March 24, 2011, and the trial court adopted the magistrate's decision that same day.  But the "costs sheet" does not show a charge for postage on March 24, 2011.  In fact, there was no charge for postage until April 1, 2011.  The record does not indicate what, exactly, was mailed on April 1, 2011.  (If the magistrate's decision was mailed that day -- or any other day -- the clerk did not comply with the service procedures of Civ.R. 4.1(A).)  Nevertheless, the magistrate's decision could not have been mailed before April 1, 2011, and Dennis could not have received the magistrate's decision until April 2, 2011, at the earliest.

Furthermore, unlike other entries in the record, the magistrate's decision does not contain either (1) a request to serve the entry upon the parties or (2) a notation that the entry was indeed served.  Accordingly, we find no indication that the trial court complied with Civ.R. 53(D)(3)(a)(iii)'s no-later-than-three-days requirement.  (On April 1, 2011, a sheriff's deputy personally served Dennis with the Entry Adopting the Magistrate's Decision.  The sheriff's deputy did not, however, serve Dennis with the magistrate's decision itself.  Therefore, it is not clear whether the magistrate's decision was ever served upon Dennis.)

{¶25} Civ.R. 53(D)(5) states that, "[f]or good cause shown, the court shall allow a reasonable extension of time for a party to file a motion to set aside a magistrate's order or file objections to a magistrate's decision.  'Good cause' includes, but is not limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision."  Here, the magistrate filed his decision on March 24, 2011, but Dennis could not have been served with the magistrate's decision until April 2, 2011.  Therefore, Dennis was not timely served with the magistrate's decision (if he was ever served at all).  And for that reason, we believe (1) that good cause existed for an extension of time and (2) that the trial court should have considered Dennis's April 14, 2011 objections to the magistrate's decision.

{¶26} Accordingly, we find that Dennis has not waived all but plain error, and we will review his arguments as though he had timely objected to the magistrate's decision.

IV.

**{¶27}** It is hard to discern Dennis's precise argument on appeal. Presumably, he objects to the trial court (1) holding a hearing and (2) distributing marital property in violation of the bankruptcy code's automatic stay.

**{¶28}** To resolve Dennis's appeal, we must determine whether provisions of the United States Bankruptcy Code prevented the trial court from acting on Amy's complaint for divorce. Therefore, our review is de novo. *See State v. Sufronko*, 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist.1995) ("When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination."); *Hawes v. Golden*, 9th Dist. No. 03CA008398, 2004-Ohio-4957, ¶ 7 ("Interpretations of state or federal law are questions of law which are reviewed by this Court de novo.").

**{¶29}** We discussed the bankruptcy code's automatic stay in *Milton Banking Co. v. Dulaney*, 4th Dist. No. 09CA10, 2010-Ohio-1907. As we noted,

> Filing a petition under the Bankruptcy Code * * * creates an
> estate consisting of all * * * of the debtor's property, broadly
> defined * * * at the moment of the filing and certain other
> property recaptured by the estate during the bankruptcy
> proceeding * * *. This property becomes the "pot" from
> which all claims against the debtor * * * will be paid pursuant
> to the Code's priority scheme * * *. Commencement of a suit
> automatically imposes a broad stay of other proceedings
> against the debtor and its property. (Omissions sic.) *Milton*

at ¶ 11, quoting *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 382 (6th Cir.2001).

**{¶30}** In divorce proceedings, the bankruptcy code's automatic stay applies to the distribution of marital property. *See* 11 U.S.C. 362(b)(2)(A)(iv); *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 66, 671 N.E.2d 24 (1996). Furthermore, in Chapter 7 bankruptcy cases, the automatic stay continues until "the time a discharge is granted or denied[.]" 11 U.S.C. 362(c)(2)(C). Here, Dennis was "granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code)" on February 22, 2011. Case No: 1:10-bk-16275 Discharge of Debtor. The trial court, however, held an evidentiary hearing on February 4, 2011. That hearing addressed issues of marital property and debt. Therefore, the hearing was held in violation of the automatic stay.

**{¶31}** We have held that "that actions taken in violation of the automatic stay are voidable rather than void." *Milton* at ¶ 24. "A voidable judgment is one rendered by a court having jurisdiction and although seemingly valid, is irregular and erroneous." *State v. Montgomery*, 6th Dist. No. H-02-039, 2003-Ohio-4095, ¶ 9. "'The distinction between "void" and "voidable" is crucial. If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits.'" *Id.* at ¶ 10, quoting *Clark v. Wilson*, 11th Dist. No. 2000-T-0063, 2000 WL 1050524, *2 (July 28, 2000).

**{¶32}** We find that Dennis has successfully challenged the propriety of the trial court's judgment. Here, Dennis has demonstrated that the trial court held an evidentiary hearing in violation of the bankruptcy code's automatic stay. Furthermore, Dennis did

not withhold notice of the automatic stay from either Amy or the trial court. *See generally JDI Murray Hill, L.L.C. v. Flynn Properties, L.L.C.*, 8th Dist. No. 94259, 2011-Ohio-301, ¶ 21-23 (recognizing equitable exceptions to the automatic stay, such as withholding notice). On the contrary, Dennis tried to bring the automatic stay to the magistrate's attention during the February 4, 2011 hearing. Dennis handed a document to Amy's attorney, which prompted the following exchange:

{¶33} "[Amy's Attorney]: So uh, this looks like, for the record, Your Honor, uh, the motion of the United States Trustee to reopen a Chapter 7 case.

{¶34} "[Dennis]: And truthfully, by all rights, that puts a stop to this divorce hearing today, [be]cause it's a federal case." Transcript at 36.

{¶35} Dennis further maintained that he had to return to the bankruptcy court on February 18, 2011. Nevertheless, the magistrate continued the hearing and issued a decision on the distribution of marital property.

{¶36} Furthermore, Dennis filed the bankruptcy court's Discharge of Debtor entry as an attachment to his objection to the magistrate's decision. The Discharge of Debtor entry clearly states that Dennis was granted a discharge from bankruptcy on February 22, 2011. Therefore, the trial court was well aware that the February 4, 2011 hearing was held in violation of the bankruptcy code's automatic stay.

{¶37} Accordingly, because the February 4, 2011 hearing was held in violation of the automatic stay, we find that the trial court's Decree of Divorce is irregular and erroneous. As a result, we vacate the judgment of the trial court, declare the February 4, 2011 hearing to be a nullity, and remand this cause to the trial court for a de novo final divorce hearing.

**JUDGMENT REVERSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT BE REVERSED and that Appellee pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J.:  Concurs in Judgment and Opinion.
Harsha, J.:   Dissents.


For the Court


BY:_____
     Roger L. Kline, Judge




### NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**