[Cite as *Goodman v. Cleland*, 2012-Ohio-5044.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| DAVID GOODMAN, DIRECTOR, | : | |
| Ohio Department of Commerce, et al. | : | |
| | : | |
| Plaintiffs-Appellees, | : | Case No: 12CA4 |
| | : | |
| v. | : | |
| | : | DECISION AND |
| LARRY L. CLELAND, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: October 25, 2012 |

_____

APPEARANCES:

Conrad A. Curren, Greenfield, Ohio, for Appellant.

Michael Dewine, Ohio Attorney General, Lauren Krasnodembski and X. Brian Edwards, Ohio Assistant Attorneys General, Columbus, Ohio, for Appellees.

_____

Kline, J.:

{¶1}  Larry L Cleland[1] (hereinafter "Cleland") appeals the judgment of the Highland County Court of Common Pleas. The trial court found that Cleland violated Ohio's wage laws in relation to former employee Leslie Hatfield (hereinafter "Hatfield"). As a result, the trial court ordered Cleland to pay $15,996.52 in unpaid minimum wage, $581.40 in unpaid overtime, and $33,155.84 in damages. On appeal, Cleland initially contends that the trial court erred in granting summary judgment to the Ohio Department of Commerce (hereinafter the "Commerce Department") on the issue of

_____

[1] The trial court's judgment entry refers to the appellant as "Larry L Cleland." From the record, however, it appears (1) that the "L" in Cleland's name is an initial and (2) that his name is actually Larry L. Cleland.

liability.  Cleland argues that summary judgment is inappropriate because he furnished lodging to Hatfield.  Because there is no evidence that Cleland customarily furnished lodging to his employees, we find that summary judgment is appropriate.  Next, Cleland argues that the trial court erred in denying his motion to dismiss.  Because Cleland waived his not-an-employer argument at the trial court level, we disagree.  Accordingly, we overrule Cleland's assignments of error and affirm the judgment of the trial court.

I.

{¶2}   Cleland owned the Econowash Laundry Mat (hereinafter the "Laundry Mat") in Highland County.  Hatfield worked at the Laundry Mat from 2006 until 2008.  And during that time, Cleland paid Hatfield $2.00 an hour.

{¶3}   While Hatfield worked at the Laundry Mat, she lived with her family on property that Cleland owned.  Cleland claims that he reduced the Hatfield family's rent as part of Hatfield's compensation for working at the Laundry Mat.

{¶4}   Eventually, Hatfield filed a minimum-wage complaint with the Commerce Department.  After conducting an investigation, the Commerce Department determined (1) that Cleland had violated Ohio's wage laws and, as a result, (2) that Hatfield was entitled to $51,979.89 -- $17,131.45 in back wages, $34,262.90 in damages, and $585.54 in overtime.

{¶5}   On January 26, 2011, the Commerce Department filed the present case against Cleland.  The Commerce Department alleged, among other things, that Cleland "is an 'employer' pursuant to R.C. 4111.01(E)."[2]  Amended Complaint at ¶ 5.  Cleland

---

[2] There is no R.C. 4111.01(E).

denied that allegation "[f]or want of knowledge[.]"  Answer of Defendant to Amended Complaint at ¶ 4.

{¶6}    On August 31, 2011, the Commerce Department moved for summary judgment.  In relevant part, Cleland responded by arguing (1) that he provided lodging to Hatfield as part of her wages and (2) that Hatfield was a tipped employee.  The trial court, however, granted summary judgment to the Commerce Department on the issue of liability.

{¶7}    On January 30, 2012, the trial court held a bench trial on the issue of damages.  At the close of the Commerce Department's evidence, Cleland moved to dismiss the complaint.  Cleland argued that the Commerce Department did not prove he was an employer under R.C. 4111.03(D)(2).  Initially, the trial court determined that R.C. 4111.03(D)(2) applies only to the payment of overtime.  Then, the trial court denied Cleland's motion as to the overtime claim, reasoning that Cleland waived his not-an-employer argument.  As the trial court found, "I believe that under the law this is an affirmative defense, because the employer has that information available to him, the Plaintiff did not.  They asked for it, and it was not provided.  * * * [T]he bottom line is it's an affirmative defense which, I believe, has to be pled and proven.  It has not been pled."  Transcript at 65-66.

{¶8}    After the bench trial, the trial court found that Cleland owed $15,996.52 for unpaid minimum wage, $581.40 for unpaid overtime, and $33,155.84 in damages.

{¶9}    Cleland appeals, but he does not assert any assignments of error. Instead, Cleland presents the following "ISSUES," which he also refers to as "LEGAL ARGUMENT[S]": I. "The trial court erred to the detriment of the Appellant by granting

Plaintiff/Appellee's motion for summary judgment when genuine issues of material fact existed." And II. "The trial court erred to the detriment of the Appellant by refusing to allow Testimony regarding Appellant's status as an employer."

{¶10} In the interest of justice, we will infer that Cleland's Issues/Legal Arguments are the assignments of error required by App.R. 16(A)(3).

II.

{¶11} In his first assignment of error, Cleland contends that the trial court erred in granting summary judgment to the Commerce Department on the issue of liability.

{¶12} "Because this case was decided upon summary judgment, we review this matter de novo, governed by the standard set forth in Civ.R. 56." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C). *Accord Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988); *Grimes v. Grimes*, 4th Dist. No. 08CA35, 2009-Ohio-3126, ¶ 14. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. *Doe v. First United Methodist Church*, 68 Ohio St.3d 531, 535, 629 N.E.2d 402 (1994).

{¶13} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996). However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere

allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). *Accord Grimes* at ¶ 15.

{¶14} "In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail." *Grimes* at ¶ 16. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." *Morehead v. Conley*, 75 Ohio App.3d 409, 412, 599 N.E.2d 786 (4th Dist.1991). *Accord Grimes* at ¶ 16.

{¶15} Cleland argues that summary judgment is inappropriate because he furnished lodging to Hatfield. According to Cleland, "furnishing housing was * * * a part of [Hatfield's] wages." Corrected Brief of Appellant at 4. We disagree. Based on the plain language of R.C. 4111.01(A), Cleland's argument has no merit.

{¶16} "When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination." *State v. Sufronko*, 105 Ohio App.3d 504, 506, 664 N.E.2d 596 (4th Dist.1995); *accord May v. May*, 4th Dist. No. 11CA910, 2012-Ohio-2348, ¶ 28. "[O]ur primary goal is to apply the legislative intent manifested in the words of the statute. Statutes that are plain and unambiguous must be applied as written without further interpretation. In construing the terms of a particular statute, words must be given their usual, normal, and/or customary meanings." (Citations omitted.) *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12.

{¶17} Under R.C. 4111.01(A),

"Wage" means compensation due to an employee by reason

of employment, payable in legal tender of the United States

or checks on banks convertible into cash on demand at full

face value, subject to the deductions, charges, or allowances

permitted by rules of the director of commerce under section

4111.05 of the Revised Code. * * * "Wage" also includes the

reasonable cost to the employer of furnishing to an

employee board, lodging, or other facilities, *if* the board,

lodging, or other facilities are customarily furnished by the

employer to the employer's employees.  (Emphasis added.)

R.C. 4111.01(A).

**{¶18}** Here, there is no evidence that Cleland customarily furnished lodging to his employees.  "Customarily" means "in a customary manner[.]"  *Webster's Third New International Dictionary, Unabridged* (2002).  And "customary" means "commonly practiced, used, or observed **:** familiar through long use or acquaintance[.]"  *Id.*  Accordingly, for lodging to count as wages, an employer must have a common practice of furnishing lodging to its employees.  In the present case, however, there is no evidence that Cleland ever provided lodging to an employee other than Hatfield.  As Cleland admits, he "ran a very small business and only had two other employees, both of whom already had their own homes."  Corrected Brief of Appellant at 5.  Cleland also admits that, aside from Hatfield, he "did not have any employees at the time who needed housing."  *Id.* at 5-6.  As a result, Cleland cannot establish a genuine issue of material fact as to whether he customarily furnished lodging to his employees.  The

evidence clearly demonstrates that Cleland did not do so.  Therefore, the plain language of R.C. 4111.01(A) dictates that any lodging provided to Hatfield does not count as wages under Ohio's Minimum Wage Law.

{¶19}  Accordingly, as to Cleland's liability under the minimum-wage statute, we find the following: (1) there are no genuine issues of material fact; (2) the Commerce Department is entitled to judgment as a matter of law; and (3) reasonable minds can come to just one conclusion, and that conclusion is adverse to Cleland.  Therefore, we overrule Cleland's first assignment of error.

### III.

{¶20}  In his second assignment of error, Cleland contends that the trial court erred when it overruled his motion to dismiss.  Essentially, Cleland argues that he "does not qualify as an employer for the issue of overtime in the wage case."  Corrected Brief of Appellant at 7.  Under the overtime statute, "'Employer' * * * does not include an employer whose annual gross volume of sales made for business done is less than one hundred fifty thousand dollars, exclusive of excise taxes at the retail level which are separately stated."  R.C. 4111.03(D)(2).  And on appeal, Cleland argues he should have been able to present evidence that his business had less than $150,000 in gross sales. We find, however, that Cleland waived his not-an-employer defense.

{¶21}  Civ.R. 41(B)(2) provides the following:

> After the plaintiff, in an action tried by the court without a
> jury, has completed the presentation of the plaintiff's
> evidence, the defendant, without waiving the right to offer
> evidence in the event the motion is not granted, may move

> for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

"[A] court of appeals may set aside a trial court's decision under Civ.R. 41(B)(2) 'only if it is erroneous as a matter of law or against the manifest weight of the evidence.'" *Townsend v. Townsend*, 4th Dist. No. 08CA9, 2008-Ohio-6701, ¶ 49, quoting *Osborne, Inc. v. H & R Purchasing, Inc.*, 11th Dist. No. 2003-L051, 2004-Ohio-3503, ¶ 9. (Cleland's second assignment of error does not concern the weight of the evidence. Therefore, we will address only whether the trial court's decision is erroneous as a matter of law.)

{¶22} Because the trial court's decision is not erroneous as a matter of law, we find that the trial court did not err in denying Cleland's motion to dismiss. Specifically, we agree that Cleland waived his affirmative defense during the proceedings below. "An affirmative defense * * * is '[a]ny defensive matter in the nature of a confession and avoidance.'" *Witzmann v. Adam*, 2d Dist. No. 23352, 2011-Ohio-379, ¶ 69, quoting *Wurts v. Gregg*, 2d Dist. No. 17682, 2000 WL 84660, *6 (Jan. 28, 2000). In other words, an affirmative defense "'admits * * * that the plaintiff has a claim (the "confession") but asserts some legal reason why the plaintiff cannot have any recovery on that claim (the "avoidance").'" *Witzmann* at ¶ 69, quoting *Wurts* at *6. *Accord State ex rel. The Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33, 661 N.E.2d 187 (1996). Here, Cleland's defense is in the nature of a confession and avoidance.

Cleland admits that he did not pay Hatfield overtime, but Cleland argues that she cannot recover because Cleland's annual sales were less than $150,000. Therefore, we find that Cleland's not-an-employer argument is indeed an affirmative defense.

{¶23} The trial court found that Cleland waived his affirmative defense by not raising the defense in his answer to the Commerce Department's complaint. But Cleland argues that, because he denied being an employer, he did in fact raise the affirmative defense in the answer. Either way, Cleland "waived th[e] affirmative defense by failing to raise it" in his opposition to the Commerce Department's motion for summary judgment. *Polster v. Webb*, 8th Dist. No. 77523, 2001 WL 703875, *3 (June 21, 2001); *see also Jones v. Village of Chagrin Falls*, 77 Ohio St.3d 456, 457-458, 674 N.E.2d 1388 (1997). In *Jones*, "the Supreme Court determined that a party did not timely raise an affirmative defense because it did not raise the defense in its motion for summary judgment even though the defense had been plead in the party's answer." *Polster* at *3. And here, the Commerce Department moved for summary judgment, claiming that Cleland "violated Ohio's Minimum Wage and Overtime Laws." Plaintiff's Motion for Summary Judgment at 4. But Cleland did not raise the not-an-employer argument in his opposition to the motion for summary judgment. Instead, Cleland focused on (1) the lodging that he provided to Hatfield and (2) the tips that Hatfield might have received. Therefore, Cleland waived his affirmative defense by not raising it during the summary-judgment proceedings. *See Zeallear v. F & W Properties*, 10th Dist. No. 99AP-1215, 2000 WL 1015345, *5 (July 25, 2000). And as a result, even if Cleland raised the not-an-employer defense in his answer, the trial court's denial of Cleland's motion to dismiss is neither (1) prejudicial nor (2) erroneous as a matter of

law.  *See generally Captain v. United Ohio Ins. Co.*, 4th Dist. No. 09CA14, 2010-Ohio-2691, ¶ 33 (If a trial court's judgment is legally correct on other grounds, an appellate court must affirm.).

**{¶24}**  Accordingly, we overrule Cleland's second assignment of error.  Having overruled both of his assignments of error, we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.:  Concur in Judgment & Opinion.

For the Court

BY:_____
      Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**