[Cite as *Bank of New York Mellon v. Crates*, 2016-Ohio-2700.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK, SUCCESSOR TO J.P. MORGAN CHASE BANK N.A., AS TRUSTEE FOR CENTEX HOME EQUITY LOAN TRUST 2003-A | : : : : : : | JUDGES: Hon. Sheila G. Farmer, P.J. Hon. William B. Hoffman, J. Hon. Craig R. Baldwin, J. |
| Plaintiff - Appellee | : : | |
| -vs- | : : | Case No. 15-CA-70 |
| JAMES F. CRATES, et al., | : : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Case No. 2015 CV 00138

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     April 21, 2016

APPEARANCES:

For Plaintiff-Appellee

JOHN B. KOPF
DAVID J. CAREY
Thompson Hine LLP
41 South High Street, Suite 1700
Columbus, Ohio 43215

For Defendants-Appellants

MATTHEW J. KUNSMAN
Fisher, Skrobot & Sheraw, LLC
471 East Broad Street, Suite 1810
Columbus, Ohio 43215

*Baldwin, J.*

**{¶1}** Appellants James F. Crates and Stephanie Gussler appeal a summary judgment and decree of foreclosure issued by the Licking County Common Pleas in favor of appellee The Bank of New York Mellon fka The Bank of New York, Successor to J.P. Morgan Chase Bank N.A., as Trustee for Centex Home Equity Loan Trust 2003-A.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Appellant Crates executed a promissory note on November 25, 2002, in the principal amount of $184,000.00, payable to Centex Home Equity Company.  By allonge dated November 25, 2002, Centex indorsed the note in blank.  To secure the note, appellants executed a mortgage to Centex against property located in Granville, Ohio.

**{¶3}** Centex later changed its name to Nationstar Mortgage.  Crates signed a modification agreement with Nationstar on January 21, 2010.  The loan had been in default, and the modification brought it current.  The modification changed the principal balance and the interest rate, and lowered the monthly payment effective March 1, 2010.  Prior to the modification, the last payment made by Crates was applied to the June, 2008 payment.

**{¶4}** After the loan modification, the account was current for some time, although some of the payments were late or made with insufficient funds.  On July 16, 2013, Nationstar sent Crates a letter advising him that he was in default and that he had a right to cure or reinstate the loan.  He did not cure the default.  On January 14, 2015, Centex assigned the mortgage to appellee.

**{¶5}** Appellee filed the instant complaint in foreclosure on February 13, 2015. Attached to the complaint was a copy of the promissory note, including an indorsement in blank via allonge; a copy of the loan modification; a copy of the recorded mortgage executed by appellants; and a copy of the assignment of the mortgage to appellee. Appellants filed an answer claiming that appellee lacked standing and that the claim was barred by res judicata.

**{¶6}** Appellee moved for summary judgment on May 22, 2015. Appellants filed a response and a counter-motion for summary judgment on July 16, 2015, arguing that appellee did not have standing because it did not have a possessory interest in the note on the date the complaint was filed. The court granted appellee's motion for summary judgment and issued a decree of foreclosure.

**{¶7}** Appellant assigns two errors:

**{¶8}** "I.   THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE AS ITS CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA ON THE BASIS THAT APPELLEE, OR ITS ASSIGNORS, HAVE TWICE PREVIOUSLY VOLUNTARILY DISMISSED THIS MATTER WHICH ACTED AS AN ADJUDICATION ON THE MERITS.

**{¶9}** "II.   THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE AS IT FAILED TO PROVE IT WAS ENTITLED TO ENFORCE THE NOTE AT THE TIME THE COMPLAINT WAS FILED AND DID NOT PROVIDE ANY EVIDENCE OF ITS POSSESSION OF THE NOTE UNTIL IT SUBMITTED AN AFFIDAVIT IN SUPPORT OF ITS REPLY BRIEF."

{¶10} Both assignments of error challenge the court's ruling on summary judgment. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

> Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶11} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some

evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

I.

{¶12} In their first assignment of error, appellants argue that the trial court erred in granting appellee's motion for summary judgment, as the complaint is barred by the doctrine of res judicata because appellee or its assignors have twice previously voluntarily dismissed this matter, which acted as an adjudication on the merits. In support of this claim, appellants have attached the dockets of the prior cases to their brief. However, appellants did not submit these dockets to the trial court, and the dockets are not a part of the record before this Court on appeal.

{¶13} Further, while appellants raised the defense of res judicata in their answer to the complaint, appellants did not argue that the action was barred by res judicata based upon the two-dismissal rule in opposition to summary judgment, nor did appellants raise this claim in their counter-motion for summary judgment. Although pled in an answer, an affirmative defense is waived by failing to raise it during summary judgment proceedings. *Goodman v. Cleland,* 4th Dist. Highland No. 12CA4, 2012-Ohio-5044, ¶23; *Polster v. Webb,* 8th Dist. Cuyahoga No. 77523, 2001 WL 703875 (June 21, 2001).

{¶14} The first assignment of error is overruled.

II.

{¶15} In their second assignment of error, appellants argue that appellee was not entitled to summary judgment because appellee did not submit evidence of possession of the note with its original motion for summary judgment, but only provided such evidence in an affidavit attached to the reply to appellants' motion for summary judgment.

{¶16} In support of its motion for summary judgment, appellee attached the affidavit of Jesslyn Williams, a document execution specialist for Nationstar, which maintained the records for the loan secured by the mortgage being foreclosed in this action. She averred that the promissory note had been duly indorsed, but did not expressly set forth a possessory interest in the note. She averred that the note was secured by the mortgage. She also averred that the promissory note, the mortgage, and the assignment of the mortgage to appellee, attached to the affidavit, were true and accurate copies of the documents electronically stored in Nationstar's business records.

{¶17} In response, appellants filed a memorandum in opposition to appellee's motion for summary judgment and a counter-motion for summary judgment, arguing that while the affidavit appeared to establish that appellee was the holder of the mortgage, the affidavit did not establish a possessory interest in the note.

{¶18} Appellee then filed a reply. Attached to the reply was the affidavit of Albert Nguende, a document execution specialist for Nationstar, averring that appellee was in possession of the original note when it filed the complaint on February 13, 2015, and continued to maintain possession of the note. The affidavit stated that the note contains

an indorsement executed in blank by Centex, and a true and exact copy of the note was attached to the complaint as Exhibit A.

**{¶19}** Appellants rely on this Court's opinion in *U.S. Bank National Association v. Green Meadow SWS,* 5th Dist. Delaware No. 12 CAE 09 0069, 2013-Ohio-2002, in support of their claim that submitting new evidence in a reply to summary judgment constitutes "summary judgment by ambush." However, *Green Meadow* is distinguishable from the instant case. In that case, the party submitted a new argument in support of summary judgment in their reply brief, and the trial court denied the opposing party the opportunity to file a surreply. In finding error in the trial court's denial of the motion to file a surrply, we held as follows:

> While U.S. Bank argues it was merely responding to the arguments of Green Meadow, U.S. Bank in its motion for summary judgment, pursuant to Civ.R. 56, "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." "Reply briefs are restricted to matters in rebuttal, not new arguments. The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the opportunity to respond. *Buren v. Karrington Health, Inc.,* 10th Dist. No. 00AP–1414, 2002–Ohio–206." *Lawson v. Mahoning Cnty. Mental Health Bd.,* 7th Dist. No. 10 MA 23, 2010–Ohio–6389, ¶ 50. Allowing a new argument to be asserted in a reply has been characterized as "summary judgment by ambush." *Intl. Fid. Ins.*

*Co. v. TC Architects, Inc.,* 9th Dist. No. 23112, 2006–Ohio–4869, ¶ 11.

"When a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a surreply. *Smith [v. Ray Esser & Sons, Inc.* 9th Dist. No. 10CA009798, 2011–Ohio–1529] at ¶ 15, citing *Lawson* at ¶ 50–51." *Baker v. Coast to Coast Manpower, L.L.C.,* 3rd Dist. No. 5–11–36, 2012–Ohio–2840, ¶ 35.

**{¶20}** *Id.* at ¶37.

**{¶21}** In contrast, in the instant case, appellee did not assert a new argument in its reply; rather, the affidavit clarified the issue of possession of the note.  Further, appellants had moved for summary judgment on the basis that appellee did not have possession of the note at the time the complaint was filed.  The Nguende affidavit was in direct response to appellants' motion for summary judgment.

**{¶22}** Appellants did not attempt to strike the affidavit, nor did they seek leave to file a surreply.  Even if the Nguende affidavit could be construed as raising a new argument, appellant has waived any error by failing to move to strike the affidavit or seeking leave to file a surreply.  *Lawson v. Mahoning Cty. Mental Health Bd.,* 7th Dist. Mahoning No. 10 MA 23, 2010-Ohio-6389, ¶51.

{¶23} The second assignment of error is overruled.  The judgment of the Licking County Common Pleas Court is affirmed.  Costs are assessed to appellants.

By: Baldwin, J.

Farmer, P.J. and

Hoffman, J. concur.